UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID CROSS,**

               **Plaintiff,**

**v.**                                           **Case No:  6:16-cv-1182-Orl-41KRS**

**POINT AND PAY, LLC,**

               **Defendant.**

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (Doc. 13) and Plaintiff's Response thereto (Doc. 21). As set forth below, the motion will be granted in part and denied in part.

## I.     BACKGROUND

Plaintiff alleges that Defendant is a money transmitter that processes online bill payments for clients, including the City of St. Cloud (the "City"). (Compl., Doc. 1, ¶ 16). According to Plaintiff, Defendant advertises its services via its clients, which Plaintiff alleges are acting as Defendant's agents. (*Id.* ¶¶ 19, 28, 32). As relevant here, Defendant is alleged to have advertised that it would process online payments for $1.50 per $50. (*Id.* ¶ 46). Plaintiff was charged $6.00 for his payment of $189.77, (*id.* ¶ 48); Plaintiff alleges that he should have only been charged $4.50 (arguing that the additional $1.50 could only be added for full $50 increments) or, alternatively, $5.69 (arguing that the fee should have been pro-rated), (*id.* ¶¶ 50–51). Thus, Plaintiff alleges that he was overcharged either $1.50 or $0.31, respectively. (*Id.*).

Plaintiff alleges claims for breach of contract (Count I), disgorgement and restitution (Count II), unjust enrichment (Count III), and violations of the Florida Deceptive and Unfair Trade

Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*, (Counts IV and V). Defendant moves to dismiss all claims for failure to state a claim.

## II.   MOTION TO DISMISS STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III.   ANALYSIS

### A.   Breach of Contract

Plaintiff alleges that Defendant made an offer to process Plaintiff's online payment for $1.50 per $50, which Plaintiff accepted, creating a contract between the parties. Plaintiff then alleges that Defendant charged Plaintiff a higher price for the service, breaching the contract. For purposes of this argument, Defendant assumes that it made an offer as alleged by Plaintiff, but

Defendant argues that Plaintiff never actually accepted that offer. Instead, Defendant argues that Plaintiff accepted the offer to pay a $6.00 processing fee for facilitating the payment of his $189.77 bill. In support of this argument, Defendant attaches an affidavit of its representative, averring that the online bill pay service it provides for the City requires the payee to check a box agreeing to the terms of the convenience fee after the payee is informed of the total fee. Defendant asks the Court to accept Defendant's evidence to contradict the allegations in Plaintiff's Complaint. Defendant's argument is inappropriate at this stage in the litigation.

Defendant also argues that Plaintiff's breach of contract claims should be dismissed pursuant to Florida's voluntary payment doctrine. "The voluntary payment doctrine provides that 'where one makes a payment of any sum under a claim of right with knowledge of the facts, such a payment is voluntary and cannot be recovered.'" *Ruiz v. Brink's Home Sec., Inc.*, 777 So. 2d 1062, 1064 (Fla. 2d DCA 2001) (quoting *City of Miami v. Keton*, 115 So. 2d 547, 551 (Fla. 1959)). As with Defendant's previous breach of contract argument, the Court cannot decide this issue at the motion to dismiss stage. First, "the voluntary payment doctrine is an affirmative defense that normally should not be considered on a motion to dismiss." *Schojan v. Papa John's Int'l Inc.*, 34 F. Supp. 3d 1206, 1211 (M.D. Fla. 2014) (quotation omitted). Second, the application of the voluntary payment doctrine requires a determination that Plaintiff had knowledge of the facts at the time he made the payment. *See Ruiz*, 777 So. 2d at 1064. Plaintiff's knowledge is an issue of fact that cannot be resolved on a motion to dismiss.

Finally, Defendant appears to argue that Plaintiff alleges that the City, rather than Defendant, engaged in the subject advertising. However, Plaintiff clearly alleges that the City was acting on behalf of and as Defendant's agent. (Doc. 1 ¶¶ 28–33). Accordingly, Plaintiff's breach of contract claim will not be dismissed at this time.[1]

---

[1] Plaintiff argues that the exception to the voluntary payment doctrine set forth in section 725.04, Florida Statutes, applies here. For the same reasons the Court cannot determine

### B.    Restitution and Disgorgement and Unjust Enrichment

Plaintiff's claims for unjust enrichment and restitution and disgorgement are premised on

Defendant's alleged violation of section 560.204, Florida Statutes, which provides, in relevant

part:

> Unless exempted, a person may not engage in, or in any manner advertise that they engage in, the selling or issuing of payment instruments or in the activity of a money transmitter, for compensation, without first obtaining a license under this part. For purposes of this section, "compensation" includes profit or loss on the exchange of currency.

Fla. Stat. § 560.204(1). The parties agree that there is no private right of action for violations of

this statute. Instead, Plaintiff argues that section 560.204 renders any contract with an unlicensed

money transmitter illegal and void, and therefore, Plaintiff can maintain common law causes of

action for restitution and disgorgement and for unjust enrichment. There are two Eleventh Circuit

cases directly relevant to this discussion.

In *Buell v. Direct General Insurance Agency, Inc.*, 267 F. App'x 907 (11th Cir. 2008), the

Eleventh Circuit examined whether the plaintiffs could bring common law claims for money had

and received and rescission of their insurance contracts on the theory that the defendants violated

certain Florida statutes by, *inter alia*, permitting insurance policies to be sold by unlicensed agents.

*Id.* at 908–09. As is the case here, the parties in *Buell* agreed that the statutory provisions at issue

did not provide a private right of action. *Id.* at 909. In addressing the same argument that Plaintiff

is advancing—that Florida common law provides individuals with the ability to recoup payments

made pursuant to an illegal contract because those contracts are unenforceable—the *Buell* court

held that if the illegality of such a contract is based on the violation of a statute, courts must look

---

whether the voluntary payment doctrine applies, it also cannot determine whether an exception thereto applies, and because Plaintiff's breach of contract claims are not being dismissed, it need not address the argument at this time.

to the language of the statute to determine whether "a statutory violation renders [the] contract[] unenforceable." *Id.* at 910. The statute at issue in *Buell* explicitly stated that any "insurance contract which is otherwise valid and binding as between the parties thereto shall not be rendered invalid by reason of having been solicited, handled, or procured by or through an unlicensed agent." Fla. Stat. § 626.141; *Buell*, 267 F. App'x at 910. Thus, the *Buell* court determined that the alleged statutory violations did not render the underlying contracts unenforceable, and therefore, the plaintiff could not bring a common law claim on the basis that the contracts were void.

*State Farm Fire & Casualty Co. v. Silver Star Health & Rehab*, 739 F.3d 579 (11th Cir. 2013) is the opposite side of the same coin. There, the plaintiff alleged that the defendant was not a licensed health care clinic under Florida law. *Id.* at 582. Due to that fact, the plaintiff alleged that the defendant was not entitled to obtain payment for health care services. *Id.* The plaintiff brought an unjust enrichment claim to recoup payments it had made for such services. *Id.* As in *Buell*, the licensing statute did not provide a private right of action, and the defendant argued that, therefore, the plaintiff could not bring common law claims based on violations of the statute. *Id.* at 583. While the *Silver Star* court did not cite *Buell*, it took the same approach. It examined the language of the statute to determine, essentially, whether the underlying agreements and transactions were void and unenforceable. *Id.* Unlike the licensing statute in *Buell*, the health care clinic statute explicitly stated that "[a]ll charges or reimbursement claims made by or on behalf of a clinic that is required to be licensed under this part, but that is not so licensed, or that is otherwise operating in violation of this part, are unlawful charges, and therefore are noncompensable and unenforceable." *Id.* (quoting Fla. Stat. § 400.9935(3)). Thus, the court determined that the defendants were not legally entitled to the underlying payments, and therefore, the plaintiff's common law claim for unjust enrichment could proceed, despite the fact that the underlying statute did not provide a private right of action. *Id.* at 583–84.

Recently, two district courts in the Southern District of Florida have examined these cases in the context of the statute at issue here. The first is *Pincus v. Speedpay, Inc.*, 161 F. Supp. 3d 1150 (S.D. Fla. 2015). In *Pincus*, the plaintiff brought common law claims of unjust enrichment and money had and received based on, *inter alia*, violations of section 560.204. *Id.* at 1154. The *Pincus* court discussed both *Silver Star* and *Buell* and determined that the two were irreconcilable; it therefore chose to follow *Silver Star*—which did not explicitly state that courts should look at the statute to determine whether an underlying contract was void—because it was a published opinion as opposed to *Buell*, which was unpublished. *Id.* at 1155–56. Upon a motion for reconsideration, *Pincus* also relied on a Florida District Court of Appeal case, *Vista Designs, Inc. v. Silverman*, 774 So. 2d 884, 886 (Fla. 4th DCA 2001), and a Southern District of Florida case, *Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 320 (S.D. Fla. 2001), for the proposition that if the law requires a license to conduct business, the contracts by the unlicensed to perform such business are illegal and void. *Id.* at 1160. Thus, *Pincus* concluded that, per its reading of Florida law, all contracts with unlicensed services providers in this context were illegal and void, and therefore, the plaintiff could bring common law claims based on the illegal agreements. *Id.* at 1156, 1160.

In contrast, the court in *Hucke v. Kubra Data Transfer Ltd.*, 160 F. Supp. 3d 1320 (S.D. Fla. 2015), reviewed the same case law and reached the opposite conclusion. The *Hucke* court determined that *Silver Star* and *Buell* could be reconciled, noting that, while *Silver Star* did not explicitly state that it was examining the statute to determine whether the underlying agreement was enforceable, it did so. *Id.* at 1324–25. Further, both the district court in *Hucke* and the magistrate judge who issued the underlying Report and Recommendation ("R&R") undertook a thorough examination of Florida case law; that "case law suggest[ed] 'that something more than just the violation of a statute'" was required to bring a common law cause of action in this type of situation. *Id.* at 1323–24 (quoting *Hucke v. Kubra Data Transfer Ltd. ("Hucke R&R")*, No. 15-14232-CIV-ROSENBERG/LYNCH, 2015 WL 12085833, at *4 (S.D. Fla. Oct. 8, 2015)).

Specifically, the court noted "that there must be some indication that the regulatory violation also renders the underlying transaction void or otherwise creates grounds for private restitution. . . . That is, some indication in the subject regulatory statute that opens the door to pursuing either restitution or declaratory judgment." *Id.* (quotation omitted).

Although the Court acknowledges that this is a murky area of law where intelligent minds can, and obviously have, disagreed, it finds that the approach taken in *Hucke* better reconciles the case law. As the *Hucke* court found, it appears to this Court that the *Silver Star* and *Buell* opinions used the same approach—examining the underlying statute to determine whether the agreements were enforceable. Those courts merely came to opposite conclusions because the statutes provided opposite directives. Further, this Court agrees with the thorough analysis set forth in Magistrate Judge Lynch's R&R, which was adopted by the *Hucke* district court, that after reviewing Florida case law as a whole, a trend appears: cases where common law claims of this type have been allowed involve underlying statutes or regulations that provide either an implicit or explicit indication that agreements made in violation of the statute are unenforceable. *Hucke R&R*, 2015 WL 12085833, at *4–6; *see also, e.g.*, *Vista Designs*, 774 So. 2d at 887 (referring to the statute that criminalizes the unlicensed practice of law as well as public policy concerns); *Steinberg v. Brickell Station Towers Inc.*, 625 So. 2d 848, 849 (Fla. 3d DCA 1993) (examining the underlying statute to determine whether the contract that violated the statute was illegal and noting that the statute contained explicit language prohibiting unlicensed persons from charging or receiving any commission, bonus, or fee for performing tasks which require a license thereunder); *Cooper v. Paris*, 413 So. 2d 772, 773 (Fla. 1st DCA 1982) (noting that "contracts of *certain* unlicensed persons are unenforceable" but not going so far as to say that contracts with all unlicensed persons

are unenforceable (emphasis added) (quotation omitted)). This view of the Florida case law also reconciles with the approaches taken by the Eleventh Circuit in *Silver Star* and *Buell*.[2]

Accordingly, the Court must look to section 560.204 to determine whether the statute provides any indication—explicit or implicit—that contracts with a money transmitter who is not properly licensed are void and illegal. It does not. The enforcement of section 560.204 is delegated to the Office of Financial Regulation of the Financial Services Commission. *See* Fla. Stat. §§ 560.105, 560.113, 560.114; see also Fla. Stat. § 560.103 (defining "office" as the "Office of Financial Regulation" and "commission" as the "Financial Services Commission" for purposes of Chapter 560). Further, "[t]he statute does not indicate that a violation of the licensing requirement voids a transaction engaged in by the unlicensed Money Transmitter." *Hucke*, 160 F. Supp. 3d at 1327. While the statute "refer[s] to possible restitution," it is "only in the context of an administrative enforcement action." *Id.*; *accord.* Fla. Stat. § 560.113(3); *see also* Fla. Stat. § 560.116 ("Any person having reason to believe that a provision of this chapter is being violated, has been violated, or is about to be violated, may file a complaint *with the office* setting forth the details of the alleged violation." (emphasis added)).

Because section 560.204 does not render agreements with money transmitters who are unlicensed thereunder unenforceable, Plaintiff cannot bring common law causes of action for

---

[2] The Court also notes that several of the cited cases discuss *Murthy v. N. Sinha Corp.*, 644 So. 2d 983 (Fla. 1994). However, that case addresses the methodology courts should employ to determine whether a private right of action exists under a statute, *see generally id.*, as opposed to the situation here, where the question is not whether there is a private right of action under section 560.204, but rather, whether Plaintiff can bring a common law claim based on the fact that the contract was purportedly rendered void due to a violation of 560.204. And, while the *Buell* court did rely on *Murthy* in part of its analysis, it did so only in reaching its conclusion that because the statute at issue did not create a private right of action, courts should "not use the common law of contracts to circumvent [such a] deliberate remedial limitation." *Buell*, 267 F. App'x at 909. Separate from that rationale, the *Buell* court determined that courts must examine the governing statute to determine whether the underlying contracts are unenforceable. *See id.* at 910. It is the second portion of the *Buell* opinion that the Court relies on here.

restitution and disgorgement and unjust enrichment on the basis that Defendant was unlicensed.[3] Count II will be dismissed and, to the extent Count III is based on section 560.204, it will also be dismissed.

Plaintiff also bases his unjust enrichment claim on the allegation that Defendant charged a higher fee than it advertised. (Doc. 1 ¶ 87). Defendant argues that Plaintiff got the benefit of his bargain and that he elected to pay the fully disclosed convenience fee. It would appear that this unjust enrichment claim is an alternative to Plaintiff's breach of contract claim, and Defendant's arguments are inappropriate at this stage of the litigation for the same reasons. The Court cannot determine at this stage whether Plaintiff got the benefit of his bargain or what Plaintiff knew or did not know.

## C.    FDUTPA

Plaintiff brings two claims under FDUTPA. The first is based on Defendant's alleged deceptive and unfair practice of advertising a certain price and then charging customers a higher price (Count IV). The second is based on Defendant's alleged violations of sections 560.204 and 817.41, Florida Statutes, (Count V).

FDUTPA makes illegal "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1). An unfair practice has been defined as "one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 499 (Fla. 4th DCA 2001) (quotation omitted).  Deceptive and unfair practices also include violations of "[a]ny law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices." Fla. Stat. § 501.203(3)(c). Some federal courts in Florida

---

[3] For purposes of this Order, the Court assumes, arguendo, that Defendant was unlicensed.

have referred to FDUTPA claims based on the latter as "*per se* violations" because they are explicitly provided for in the statute. *See, e.g.*, *Williams v. Delray Auto Mall, Inc.*, 916 F. Supp. 2d 1294, 1300 (S.D. Fla. 2013); *Taviere v. Precision Motor Cars, Inc.*, No. 8:09-cv-467-T-TBM, 2010 WL 557347, at *4 (M.D. Fla. Feb. 12, 2010).

With regard to Plaintiff's first FDUTPA claim, Defendant does not dispute that the alleged practice of advertising one price and then deceiving a customer into paying a higher price would constitute an unfair or deceptive practice in violation of FDUTPA. Instead, Defendant largely reasserts its argument under the breach of contract section—that Plaintiff was aware of the full amount of the fee before he entered any contract and before he paid the fee. Defendant elaborates on this argument, asserting that because any contract that was entered explicitly contemplated a $6.00 fee, which is what Plaintiff paid, he suffered no damages. As set forth above, this argument requires the Court to engage in factual determinations, which is inappropriate on a motion to dismiss.

As to Plaintiff's second FDUTPA claim, Defendant argues that a violation of neither section 560.204 nor section 817.41 could possibly constitute a *per se* violation of FDUTPA because those sections do not proscribe unfair or deceptive trade practices. In relevant part, section 817.41 makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement." Fla. Stat. § 817.41(1). Although Defendant includes section 817.41 in its argument that Plaintiff has not alleged a *per se* violation of FDUTPA, its only support for that argument is that it was unable to find a case where that section was used as a predicate for a FDUTPA claim. The Court finds this argument unpersuasive. The type of activity proscribed by section 817.41— misleading advertising—is precisely the type of unfair and deceptive trade practice that is prohibited by FDUTPA. *See, e.g.*, *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1323, 1327–28 (M.D. Fla. 2007) (determining that allegations regarding a misleading

advertisement stated a claim under both the private right of action in § 817.41 and FDUTPA); *Izadi v. Machado (Gus) Ford, Inc.*, 550 So. 2d 1135, 1140–41 (Fla. 3d DCA 1989) (same). Thus, Count V states a claim insofar as it alleges a violation of section 817.41.

Violations of section 560.204, on the other hand, cannot serve as a predicate for a FDUTPA claim. Plaintiff does not address whether that statute proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices as is required for a statutory violation to serve as the basis for a FDUTPA violation. Instead, Plaintiff argues that he is not alleging a *per se* violation, but instead, that he is alleging a violation of FDUTPA based on Defendant's illegal acts. Plaintiff's argument is unavailing. First, as noted above, the term "*per se* violation" is merely a label that federal district courts in Florida have attributed to claims that are based on violations of "law[s], statute[s], rule[s], regulation[s], or ordinance[s] which proscribe[] unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices," as set forth in section 501.203(3)(c). Thus, Plaintiff cannot circumvent the requirements of section 501.203(3)(c) by merely labeling his claim as something else.

Further, Plaintiff argues that his claim is based not on violations of section 560.204 but, instead, on Defendant's efforts to "escap[e] the purview of extensive regulatory bodies and law." (Doc. 21 at 20). The Court commends Plaintiff for his creativity, but this argument is simply another attempt to label a section 501.203(3)(c) FDUTPA claim as something else. Specifically, section 560.204 requires regulatory licensing; therefore, "escaping" such regulations amounts to violating that statutory provision. And, as Plaintiff seems to implicitly concede as he does not argue otherwise, section 560.204 does not proscribe unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices. Therefore, it cannot serve as a basis for a FDUTPA claim. Count V will be dismissed to the extent it relies on violations of section 560.204.

## IV.   CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 13) is **GRANTED in part**.

2. Count II is **DISMISSED with prejudice**.

3. Count III is **DISMISSED with prejudice** insofar as it attempts to base an unjust enrichment claim on alleged violations of section 560.204.

4. Count V is **DISMISSED with prejudice** insofar as it predicates a FDUTPA claim on violations of section 560.204.

5. The motion is **DENIED in all other respects**.

**DONE** and **ORDERED** in Orlando, Florida on March 31, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record