**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO. 6:16-cv-01182-CEM-KRS

DAVID CROSS, an
Individual, on behalf of himself
and all others similarly situated,

                                                Judge Carlos E. Mendoza

*Plaintiff*,                                  Magistrate Karla R. Spaulding

v.

POINT & PAY, LLC, a
Delaware Corporation,

*Defendant*.

## PLAINTIFF'S MOTION FOR DISMISSAL

COMES NOW the Plaintiff, individually and on behalf of all others similarly situated, and hereby files this Motion For Voluntary Dismissal.

1.        On July 26, 2016, the Plaintiff filed his Complaint on behalf of himself and a putative class and two subclasses. Dkt. 1. Plaintiff's claims are based on Defendant's misconduct in advertising and promising to charge and a certain amount as a processing fee for bill processing for essential services, like water, electricity, and court fees, and then charging fees that exceeded those promised fee rates.

2.        The Complaint alleged five counts on behalf of Plaintiff: Breach of Contract (Count I), Restitution and Disgorgement (Count II), Unjust Enrichment (Count III), Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count IV), and FDUTPA for Statutory

Violations (Count V). In addition to alleging Defendant's deceptive advertising scheme as a

basis for Counts I, II, IV, and V, Plaintiff alleged that Defendant's violation of Florida's money

transmitting statute, Sec. 560.204, also gave rise to claims under Counts II, III and V.

3.      On August 3, 2016, this Court issued an Order to Show Cause as to why this case

should not be dismissed for lack of subject matter jurisdiction. The Court's inquiry was limited

to whether minimal diversity existed, as required by the Class Action Fairness Act ("CAFA") §

1332(d)(2)(A). Dkt. 9.

4.      On August 30, 2016, the Plaintiff responded to the Court's request concerning

minimal diversity (Dkt. 17) and the Court discharged the Order to Show Cause. Dkt. 24.

5.      The Defendant filed a Motion to Dismiss on August 22, 2016, attempting to

dismiss each and every count in the Complaint. Plaintiff responded on September 9, 2016. Doc.

13. The only claims that the Court dismissed were those that relied on Plaintiff's allegation that

Defendant violated the money transmitting statute. Dkt. 31. In other words, the Court allowed

Plaintiff's claims for breach of contract, unjust enrichment, and violation of FDUPTA to proceed

based on Plaintiff's allegations of unfair, deceptive and misleading advertising and business

practices.

6.      Since that time, the Parties have engaged in significant discovery. The discovery

included voluminous paper discovery, numerous depositions, and importantly--after many

unsuccessful attempts by the Defendant--production of the entirety of the transactional data

relating to putative class members ("transactional data") for the relevant time period, which

included close to 3 million transactions.

1

7.      The parties also engaged in protracted mediation process and attempts at settlement. The parties first met for a mediation in front of Mediator Rod Max on July 7, 2017. The parties continued to discuss settlement through November 2017, when the parties again met with Mediator Max. Those settlement discussions continued, with the assistance of Rod Max, through this year. *See* Dkt. 49. The parties exchanged settlement agreement drafts as late as July 2018, less than two months ago. Mediator Max reached out to both parties on August 9, 2018, to offer additional mediation date to assist in settling the matter. Despite Plaintiff's commitment to good faith negotiations, the parties were unable to settle.

8.      Plaintiffs were preparing and have prepared extensive motions over the last week to comply with the Court's Scheduling Order of September 4, 2018, deadline for all other motions.

9.      Upon further review and analysis of the transactional data, with the assistance of a trained consultant, the Plaintiff believes that it owes a duty to inform the Court that it does not believe that this case satisfies a different requirement of the Class Action Fairness Act ("CAFA") than was initially raised by the Court: namely, that an action can only be maintained in federal court if it the amount in controversy exceeds $5,000,000 dollars in the aggregate. 28 U.S.C. § 1332(d)(2).

10.      Plaintiff's analysis of the copious data produced and the extensive briefing completed by the Plaintiff has illustrated that at this juncture a national class is likely not maintainable in this Court, and that the only class that Plaintiff could successfully move to certify is for the City of St. Cloud (where Plaintiff resides) alone. Though various municipalities lend themselves perfectly to class treatment, the total damages for the City of St. Cloud do not

satisfy CAFA's threshold requirement of an amount in controversy exceeding $5,000,000. 28 U.S.C. § 1332(d)(2).

11.    Given the duty of candor that all counsel owe to the Court, Plaintiff's counsel feels duty-bound to bring this fact to the Court's attention now, after Plaintiff and his counsel (and consultant) have been able to fully evaluate the data, and after careful consideration of issues raised during summary judgment briefing as well as Plaintiff's own consideration of a motion to certify a national class. Plaintiff also notes that up until last month, he and his counsel were focusing their attention on settlement discussions with Defendant.

12.    Plaintiff's proposed dismissal will not prejudice absent class members. As this case has not been certified, notice to absent class members is not necessary as there is no evidence that absent class members have relied upon Plaintiff's suit.

13.    Plaintiff has not, and will not, receive any money or compensation from Defendant, or from any other person or entity, as a condition of dismissing his claims.

## MEMORANDUM OF LAW

Plaintiff's request for dismissal of his claims in this Court is based on his obligation to alert the Court that a separate CAFA requirement than had not been quiered before is now not satisfied. As such, this case is not properly situated before this Court as it has been divested of subject matter jurisdiction.

The weight of legal authority states that federal courts are obligated at <u>all stages of litigation</u> "to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Karhu v. Vital Pharms. Inc.*, No. 13-60768-CIV, 2014 U.S. Dist. LEXIS 41088, 2014 WL

1274119, at *2 (S.D. Fla. Mar. 27, 2014)[1] (citing *Gilmore v. Dir., U.S.D.O.L.*, 455 F. App'x 934, 935-36 (11th Cir. 2012)); *Univ. of S. Ala.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *see also Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981) (holding that courts must constantly examined the basis of their jurisdiction before proceeding to the merits). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Univ. of S. Ala.*, 168 F.3d at 410 (citing *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *Amer. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18, 71 S. Ct. 534, 95 L. Ed. 702 (1951)).

Accordingly, the Court should dismiss this action because it now lacks subject matter jurisdiction pursuant to CAFA.

In the alternative, Plaintiff seeks a dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). This Rule reads in relevant part: "[A]n action may be dismissed at the plaintiffs request only by court order, on terms that the court considers proper.… Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as

---

[1] "Having reviewed the relevant authorities and the responses of the parties, the Court concludes that it indeed lacks a basis for further CAFA subject-matter jurisdiction over this action. The Court rejects Karhu's arguments that CAFA, once invoked, vests a court with subject-matter jurisdiction *ad infinitum.*" *Karhu v. Vital Pharm. Inc.*, 2014 U.S. Dist. LEXIS 41088, at *4 .

a result." *Id.* at 856-57. "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).

*Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56  (11th Cir. 2001). *See D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2nd Cir. 1996) (mere fact that the plaintiff can start "a lawsuit all over again does not constitute legal prejudice"); *Holiday OQueen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974)  (mere "annoyance" of a second suit does not constitute legal prejudice). Defendant in this case will not suffer any legal prejudice because they will not lose any substantive rights.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court dismiss this action without prejudice.

Dated: September 4, 2018

/s/ Ed Normand .
Edmund A. Normand
FBN: 865590
/s/ Jacob Phillips
Jacob Phillips
FBN: 120130
Normand PLLC
3165 McCrory Place
Suite 175
Orlando, FL 32803
Phone: 407-603-6031
Fax: 888-974-2175
ed@ednormand.com
jacob@ednormand.com
service@ednormand.com
office@ednormand.com

*and*

/s/ William Gray
William Gray
*Pro Hac Vice*
Gray LLC

5

17 N. State State
Suite 1600
Chicago, Illinois 60602
Phone: 312-278-7900
bgray@grayllclaw.com

*Attorneys for Plaintiffs*
*and the Putative Class*

6

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 4, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice to electronic filing to all counsel on the Service List.

<u>/s/ Jacob Phillips</u>

Jacob Phillips