UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID CROSS,

        Plaintiff,

v.                                                             Case No: 6:16-cv-1182-Orl-41LRH

POINT AND PAY, LLC,

        Defendant.
                                      /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Dismissal ("Motion," Doc. 65), Defendant's Response (Doc. 66), Plaintiff's Reply (Doc. 71), and Defendant's Sur-Reply (Doc. 76). For the reasons set forth below, the Motion will be granted.

Plaintiff filed this matter as a putative class action and asserted subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). At the time, Plaintiff asserted that it was seeking to certify a national class. Now, after extensive discovery, Plaintiff concedes that a national class is not maintainable. Instead, Plaintiff asserts that he can only bring a claim on behalf of individuals located in the City of St. Cloud and that such a small class is insufficient to meet the $5 million minimum amount-in-controversy requirement of CAFA. Thus, Plaintiff asserts that this case must be dismissed for lack of subject matter jurisdiction.

Alternatively, Plaintiff moves to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 42(a)(2). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other th[a]n the mere prospect of a subsequent lawsuit, as a result." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (emphasis and quotation omitted). "The crucial question to be determined is, Would the defendant

lose any substantial right by the dismissal." *Id.* (quotation omitted). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (quotation omitted).

Defendant primarily objects to the timing of Plaintiff's motion. Specifically, this litigation had been pending for over two years and dispositive motions had been fully briefed when Plaintiff filed the instant motion. Defendant argues that Plaintiff is merely attempting to avoid an adverse ruling on summary judgment and, in turn, an award of fees and costs against it.

However, Plaintiff fully addresses these allegations. First, this case involved an enormous amount of discovery—including data relating to almost three million transactions. Additionally, the parties engaged in extensive and protracted settlement discussions. For these reasons, Plaintiff did not fully comprehend the limitations of certifying this case as a national class for quite some time. Defendant additionally argues that Plaintiff never intended to file for class certification because he failed to do so by the deadline. However, Plaintiff in good faith believed, albeit erroneously, that the certification deadline had been extended. There is no evidence to indicate that Plaintiff and his counsel proceeded with anything but good faith throughout this litigation.

Additionally, the uncertain state of this Court's subject matter jurisdiction over this case justifies voluntarily dismissal without prejudice despite the late stage of the proceedings. Specifically, it is unclear whether the Eleventh Circuit would conclude that this Court can exercise subject matter jurisdiction over the claims as currently asserted. Although there is no binding precedent directly on point, the Eleventh Circuit has indicated that federal courts are divested of jurisdiction in a CAFA case where the class is not certified and there is no other basis for subject matter jurisdiction over the remaining claims. *Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857,

862 (11th Cir. 2012). Thus, it makes practical sense to dismiss this case rather than expend more resources only to end up having the case dismissed down the road by the Eleventh Circuit for lack of subject matter jurisdiction.

Finally, Defendants seek an award of fees and costs in conjunction with the dismissal. However, Defendants have failed to establish entitlement to such an award. Defendants rely on the timing of Plaintiff's motion, asserting a nefarious intent by Plaintiff and his counsel. But, as discussed above, Plaintiff has provided sufficient explanation for its delayed motion.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Dismissal ("Motion," Doc. 65) is **GRANTED**.
2. This case is **DISMISSED without prejudice**.
3. All other pending motions are **DENIED as moot**.
4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record